IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TEVIN A. BRADLEY                                                                                    PETITIONER
ADC # 152522

V.                              CASE NO. 5:16-CV-00027-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                                       RESPONDENT

## MEMORANDUM AND ORDER

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 by Petitioner, Tevin A. Bradley, who is serving a life sentence for the murder of Evon Henderson in Pulaski County, Arkansas.  On May 23, 2012, a Pulaski County jury convicted Petitioner of capital-felony murder and aggravated robbery, and the circuit judge sentenced him to life imprisonment without the possibility of parole for the capital murder and forty years for the aggravated robbery.  (DE # 28-2)  Petitioner appealed his convictions to the Arkansas Supreme Court, and on February 14, 2013, his convictions were affirmed by the court.  *See Bradley v. State*, 2013 Ark. 58.  On May 3, 2013, Petitioner filed his petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in Pulaski County Circuit Court.  (DE # 28-7)  In the petition, Bradley argued that his defense counsel was ineffective for failing to argue on directed verdict that theft of contraband cannot support a theft or robbery conviction, and for failing to argue during the guilt phase that it was a violation of Arkansas' "truth-in-sentencing" provision not to tell the jury that a conviction for capital felony murder would automatically result in a life without parole sentence.  *Id.*  The trial court denied the petition and the Petitioner appealed to the Arkansas

1

Supreme Court. The Arkansas Supreme Court did not reach the merits of the appeal because there was no verification that the facts stated in the petition were true, correct, and complete as required by Rule 37.1. (DE # 28-13)

On January 28, 2016, the Petitioner filed his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 2) Despite this Court's denial of the Petitioner's motion to proceed in forma pauperis and order to pay the five-dollar filing fee within thirty (30) days, the Petitioner did not pay the filing fee. For that reason, the Court entered a judgment on March 17, 2017, denying the petition without prejudice. (DE #7) On April 8, 2016, the Petitioner paid the filing fee and filed a Motion to Reopen Case. (DE # 9) The Court granted Petitioner's motion to reopen the case on April 11, 2016. (DE # 10)

On March 30, 2017, newly-retained counsel for the Petitioner filed a Motion for Leave to File an Amended Petition. (DE # 19) The Court granted Petitioner's motion and an Amended Petition for Writ of Habeas Corpus was filed on April 10, 2017, alleging the following: (1) that Petitioner was denied due process by being convicted of capital felony murder and aggravated robbery because a person cannot be guilty of theft of marijuana which is illegal to possess; (2) insufficient evidence to support his convictions as an accomplice to capital murder and aggravated robbery; (3) he was denied due process because the trial court did not inform the jury that a conviction for felony capital murder would result in a mandatory life sentence; (4) ineffective assistance of trial counsel for failing to properly preserve issues for appeal, failing to include in his directed-verdict motion an argument that the evidence was insufficient because a person cannot be found guilty of theft of something that is illegal to possess, and for failing to challenge the issue

of truth-in-sentencing; (5) ineffective assistance of post-conviction counsel for failing to ensure that Petitioner's post-conviction petition was properly verified; and (6) actual innocence.  (DE # 21)  Respondent admits that Petitioner is in her custody and that Petitioner's available state remedies have been exhausted.  She argues, however, that the habeas petition is time barred or alternatively that the claims are either procedurally defaulted or incognizable.  For the reasons set forth below, the petition is denied with prejudice.

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment.  28 U.S.C.A. § 2244(d)(1).  The statute of limitations begins to run "on the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review." *Id.*  In this case, the Arkansas Supreme Court affirmed Petitioner's convictions and sentences on February 14, 2013.  Therefore, Petitioner's judgment became final on May 15, 2013.  *See Parmley v. Norris*, 586 F. 3d 1066, 1069 (8th Cir. 2009) (holding that, the time for filing a writ of certiorari in the United States Supreme Court is ninety days).

Petitioner filed his post-conviction petition on May 3, 2013; however, the petition was not properly verified as required by Rule 37.1; therefore, the time period during the pendency of Petitioner's Rule 37 petition, from May 3, 2013 to April 9, 2015, was not tolled.  *See Nelson v. Norris*, 618 F. 3d 886, 892 (8th Cir. 2010) (concluding that a petitioner is not entitled to statutory tolling when a Rule 37 petition was not properly verified because the petitioner failed to execute the verification).  Petitioner had until May

3

15, 2014, to timely file his federal habeas petition. Accordingly, when the current petition was filed on January 28, 2016, more than one year had passed, and the statute of limitations had run.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. In *Pace v. DiGuglielmo,* the United States Supreme Court held that a petitioner is entitled to equitable tolling only if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). Petitioner brought the current action nearly three years after the limitations period had expired. Furthermore, the Court does not find that the Petitioner has pursued his rights diligently given that he waited more than nine months after the Arkansas Supreme Court dismissed his Rule 37.1 appeal to file the current petition. *See Nelson v. Norris*, 618 F. 3d at 893 (finding that petitioner was not diligent in pursuing his rights when he waited until nine months after the Arkansas Supreme Court denied rehearing to file his federal habeas petition).

The Petitioner also has not presented any extraordinary circumstances beyond his control that made it impossible to file his petition on time. Even if we assume that Petitioner's post-conviction counsel failed to ensure proper verification of the Rule 37.1 petition, the Eighth Circuit has held that "[i]neffective assistance of counsel generally does

4

not warrant equitable tolling." *Walker v. Norris*, 436 F. 3d 1026, 1033 (8th Cir. 2006) (quoting *Beery v. Ault*, 312 F. 3d 948, 950 (8th Cir. 2002)). Furthermore, the Petitioner could have protected himself by using the "stay and abeyance" procedure for federal habeas petitions. *Runyan v. Burt*, 521 F.3d 942, 946 n.4 (8th Cir. 2008). Accordingly, the Court finds that the Petitioner's petition is time-barred. The Court need not address Petitioner's actual innocence argument because the petition is time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2) and First Amended Petition for Writ of Habeas Corpus (DE # 21) be, and is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 31st day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE